### ORMSBY v. UNION PACIFIC RY. CO.

*(Circuit Court, D. Colorado. October 13, 1880.)*

1. DEMURRER—PLEADING.—A demurrer "to so much of the answer as sets up the special contract" will not be received by the court.

2. RAILROAD—CONTRACT—REASONABLENESS.—A contract between a railroad company and a shipper of horses stipulated that for injuries to the animals shipped over the line of the road the owner should make a demand in writing of the agent of the company before removing them from the place of destination, or from the place of delivery.

    *Held*, that this clause of the contract was not applicable where the injury was the illness of the animals, and the extent of such illness could not be known until their removal from the cars, and probably not for some little time after such removal.

Demurrer.

————, for plaintiff.

————, for defendant.

HALLETT, D. J. In the case against the railroad company, the plaintiff alleges that he shipped certain horses over its line, and that they were detained on the way, at a place called Brookville, for a space of 24 hours, in consequence of which they were sick, and two of them died; that he was put to expense in taking care of all of them, and that some of them depreciated in value—those that were not wholly lost. To this the defendant sets up that there was a special contract in relation to the shipment of these horses; but the special contract does not in any way provide for the detention of the stock on the way. It says nothing on that subject; so that, as far as the first defence alleged here is concerned, the contract is not at all pertinent to anything that is alleged in the declaration. The plaintiff, in demurring to it, says that he demurs to so much of the answer as sets up the special contract. We do not receive a demurrer on such a specifica-

tion as that.   The clerk would not know, nor would anybody, what is meant by saying "we sustain the demurrer to so much of the answer as sets up the special contract."

There are in the answer, however, some things which are in denial of the complaint, as that there was any detention of the horses on the way; that the horses were of the value alleged; and there is a charge of new matter: that the horses were sick before they were taken upon the railroad at all, and that they died in consequence of such sickness.   All that is properly in answer to the complaint; and as to what is irrelevant and has nothing to do with the matters alleged in the complaint, if the demurrer could be sustained upon that ground at all, it would have to point out by line and word certain parts, so that we should know where we began and when we came to the end.

As to the last clause of the answer, which may be taken to be an independent answer in itself, that sets up a provision in the contract that for injuries to the animals shipped over the line of the road the owner should make a demand in writing of the agent of the company before removing them from the place of destination, or from the place of delivery. It may be that for some injuries this clause in the agreement would be effectual; but here, according to the charge of the complaint, the injury was illness of the animals, which could hardly be discovered until they should be removed from the car; and this clause in the contract would require the parties to hold them there at the depot ground, I suppose, until they could ascertain whether they were in good condition or not. That would be very unreasonable indeed.   As to such matters as are charged in the complaint—an illness occurring to animals, the extent of which could not be known until they should be removed from the car, and probably not for some little time after their arrival here—it may be said that this clause in the agreement is of no effect; that the railroad company could not make any such provision in respect to stock shipped over their line.   The demurrer will be sustained to the last clause or paragraph, or whatever it may be called, of the answer, and overruled to the other.